**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

OSEAS PONS,                                   :

                                    Civil Action No. 12-7475 (DRD)

            Petitioner,             :

   v.                                         :

CHARLES WARREN et al.,                        :     **O P I N I O N**

           Respondents.             :

---

**Debevoise**, District Judge:

    On December 7, 2012, the Clerk docketed Petitioner's application for a writ of habeas corpus, executed under 28 U.S.C. § 2254 ("Petition"). See Docket Entry No. 1. The application arrived unaccompanied by Petitioner's filing fee or by his in forma pauperis application. See id. In addition, the Petition did not clarify any of his instant challenges; rather, his Petition merely referred this Court's attention to a certain addendum which, presumably, was intended to list Petitioner's challenges but, unfortunately, was not included in Petitioner's submission. See id. There Court, therefore, has no information either about the legal claims Petitioner wishes to litigate in this matter or the factual predicate upon which he relies..

    Hence, this Court will direct Petitioner to file an amended pleading detailing each Petitioner's ground and stating the facts underlying each of his claims.[1] In conjunction with the

---

[1] Unlike civil complaint, "[h]abeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Correspondingly, Habeas Rule 2(c) requires a petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground" under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c).

same, the Court takes this opportunity to notify Petitioner of the consequences of filing a § 2254 application under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and, pursuant to the holding of Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to inform Petitioner that his amended pleading would be deemed his all-inclusive § 2254aApplication;[2]

In addition, the Court takes points out Petitioner's obligation to either submit his filing fee or file his duly executed in forma pauperis application. For the purposes of the statute of limitations inquiry, "a pro se prisoner's habeas petition is deemed filed at the moment [(s)]he delivers it to prison officials for mailing to the district court," Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)), being subject to the same mailbox rule that applies to civil complaints. See Houston, 487 U.S. 266; McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996). However, the issue of the limitations period aside,

> [a]n application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. [Moreover, an] application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe . . . the form of the document, . . . the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted).

---

[2] Under the AEDPA, petitioners challenging the legality of their detention pursuant to a State decision must marshal in one § 2254 application all the arguments they have to collaterally attack that decision and, except in extremely limited circumstances, file this one all-inclusive application within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d). Therefore, Petitioner will be directed to utilize his opportunity to file his amended pleading s he would file his all-inclusive § 2254 application stating all his claims as to the decision he is challenging.

Section 1914 provides that "[t]he [C]lerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the filing fee shall be $ 5." 42 U.S.C. § 1914(a). The Supreme Court, however, observed that, "while [$ 5] is . . . an 'extremely nominal' sum, if one does not have it and is unable to get it[,] the fee might as well be [$ 500]." Smith v. Bennett, 365 U.S. 708, 712 (1961). Therefore, a related statute, Section 1915, governs applications filed in forma pauperis and provides, in relevant part, that leave to proceed in forma pauperis may be granted in any suit to a litigant "who submits an affidavit [which demonstrates] that the [litigant] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).[3] The prisoner's legal obligation to prepay the filing fee or to duly obtain in forma pauperis status is automatically incurred by the very act of initiation of his/her legal action.[4] See Hairston v. Gronolsky, 2009

---

[3] Specifically, in a habeas matter, the prisoner seeking to proceed in forma pauperis must submit to the Clerk: (a) a completed affidavit of poverty; and (b) a certification signed by an authorized officer of the institution certifying both the amount presently on deposit in the petitioner's prison account as well as the greatest amount on deposit in the petitioner's prison account during the six month period prior to the date of the certification. See Local Civil Rule 81.2(b).

[4] If the application to proceed in forma pauperis is incomplete, the Court may enter an order denying the application without prejudice and administratively terminating the case; that outcome applies both to civil complaints and habeas petitions. The prisoner's repeated failure to prepay the filing fee or to submit a proper in forma pauperis application qualifies as failure to prosecute the prisoner's legal action and, therefore, warrants dismissal. See Hairston, 2009 U.S. App. LEXIS 22770 (affirming dismissal upon the prisoner's persistent refusal to submit a complete in forma pauperis application); see also Hernandez v. Martinez, 327 Fed. App'x 340 (3d Cir. 2009) (dismissed for failure to prosecute on the grounds that the prisoner neither prepaid his filing fee nor duly applied for the in forma pauperis status); Bridgeman v. Bureau of Prisons, 112 Fed. App'x 411 (6th Cir. 2004) (affirming dismissal of a habeas petition for failure to prosecute on the basis of the prisoner's failure to prepay the filing fee or to properly apply for the in forma pauperis status).

U.S. App. LEXIS 22770, at *5 (3d Cir. Oct. 15, 2009) (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)).

For the foregoing reasons, Petitioner will be directed to file his amended pleading marshaling all his claims by stating, clearly and concisely, each Petitioner's legal ground and the factual predicate asserted in support of each of his claims. In addition, Petitioner will be directed to submit either his filing fee of $5.00 or his duly executed in forma pauperis application. He will be allowed ample time to prepare such submissions, and the Clerk will be directed to provide Petitioner with appropriate forms so to assist Petitioner with his endeavors.

An appropriate Order accompanies this Opinion.

							 _____
							 **DICKINSON R. DEBEVOISE**
							 **United States District Judge**

Dated: Dec. 11, 2012